LEE HOLEN LAW OFFICE
608 W. 4th Avenue, Suite 21
Anchorage, Alaska 99501
leeholen@gci.net
(907) 278-0298 ph
(907) 278-0247 fax

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JAMES BRELAND, ) | |
| ) | |
| Plaintiff, ) | Case No. A05-169 CI (TMB) |
| ) | |
| vs. ) | |
| ) | |
| FRED MEYER STORE, INC., ) | |
| ) | |
| Defendant. ) | **MOTION REGARDING** |
| _____) | **ADMISSIBILITY OF EVIDENCE** |

Plaintiff, James Breland, moves for an evidentiary ruling in this case to allow evidence regarding his supervisor's employment with Fred Meyer and his conduct after Plaintiff's termination.

**MEMORANDUM IN SUPPORT**

Plaintiff James Breland intends to introduce evidence regarding Stewart's ongoing workplace racial remarks and slurs, and the extraordinary length of time it took Fred Meyer to take action against Stewart, despite its policy against such conduct. It is anticipated that Fred Meyer will object to introduction of events that occurred after Plaintiff's termination as irrelevant.

Breland complained about the racial harassment of his supervisor, Bryan Stewart, in May of 2004. It was admitted by Kevin Ruoff, Fred Meyer's Regional

Loss Prevention Manager, that the company "dropped the ball" on that complaint and investigation, and no follow up was done and no action was taken against Stewart. Stewart continued his racial remarks while at the store where Breland was working, and also at his next store location, the Dimond Fred Meyer.

In the fall of 2004, Breland complained about Stewart again because nothing had been done to stop Stewart's conduct, and also he had learned the racial slurs and epithets by Stewart continued, even after he went to the Dimond store. In each case, Breland claims the investigation of Stewart's conduct by Fred Meyer was inadequate and failed to end the harassment and hostile environment Stewart created. Finally, after even more complaints about Stewart's racial slurs and comments by Fred Meyer employees, Stewart was discharged from Fred Meyer in early 2006.

In this case, the employer attempts to use the Faragher/Ellerth defense to show it took prompt action to correct the harassment after Breland complained.[1] It follows that Plaintiff should be able to use post-termination evidence to illustrate that the employer's actions were insufficient to stop the harassment and relevant to show Fred Meyer's defense fails.

Breland's position is that Stewart's termination documents, personnel file, and complaints against Stewart, as well as his conduct and events occurring after Breland's termination, are relevant to Breland's claims against Fred Meyer and to Fred Meyer's

**Lee Holen Law Office**
608 West Fourth Avenue, Suite 21
Anchorage, Alaska 99501
Tel. (907) 278-0298 - Fax (907) 278-0247
E-Mail: leeholen@gci.net

---

[1] *Burlington Indus. Inc. v. Ellerth*, 524 U.S. 742 (1988); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); Defendant's Motion for Summary Judgment, Docket No. 30.

defense that it corrected the situation.  For example, in *Swinton v. Potomac Corp.*, 270 F.3d 794, 814 (9th Cir. 2001), the Ninth Circuit held that post-occurrence remedial measures can be evidence that the employer failed to take reasonably prompt corrective action once it learned of harassment.  The court noted that "post occurrence remediation is part and parcel of the legal framework."[2]

For the reasons stated above, evidence regarding Bryan Stewart's employment and conduct, and Fred Meyer's failure to terminate him until 2006, should be admitted in Breland's case.

DATED this 31st day of August, 2006.

> LEE HOLEN LAW OFFICE
> Attorney for Plaintiff
>
> By: s/Lee Holen
> 608 W. 4th Avenue, Suite 21
> Anchorage, Alaska  99501
> Phone:  (907) 278-0298
> Fax:  (907) 278-0247
> E-mail:  leeholen@gci.net
> Alaska Bar No. 7810071

Certificate of Service
I hereby certify that on the 31st day of August, 2006, a copy of the foregoing Motion Regarding Admissibility of Evidence was served electronically on James R. Dickens and Peter E. Gruenstein.

s/Lee Holen
Lee Holen Law Office

---

[2] In *Swinton,* the post termination evidence on the employer's remedial measures was admitted on the issue of punitive damages.  But here, where the employer claims in its defense that it adequately investigated and corrected the illegal conduct, although it did not, evidence of the harasser's history and the failure of the employer's remedial measures, even after the victim's termination, clearly is relevant.

Lee Holen Law Office
608 West Fourth Avenue, Suite 21
Anchorage, Alaska 99501
Tel. (907) 278-0298 - Fax (907) 278-0247
E-Mail: leeholen@gci.net