LEE HOLEN LAW OFFICE
608 W. 4th Avenue, Suite 21
Anchorage, Alaska 99501
leeholen@gci.net
(907) 278-0298 ph
(907) 278-0247 fax

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JAMES BRELAND, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>FRED MEYER STORE, INC., )<br>)<br>    Defendant. )<br>_____ ) | Case No. A05-169 CI (TMB)<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE OR COMPEL PRODUCTION OF DOCUMENTS** |

### I. Introduction

This is a Title VII case in which Plaintiff James Breland complained about race discrimination/hostile environment, and then was terminated in retaliation for his complaints about the workplace racial slurs and epithets by his supervisor.

In this motion, Plaintiff Breland requests the court to compel production of the documents regarding the defense stated in ¶ 22 of the Declaration of Kevin Ruoff (8/24/06), specifically:

> "…I have been involved in terminating other Loss Prevention employees also for failing to timely report non-arrest apprehensions, including:
>
> Bonnie Young (Caucasian) on December 2, 2003
> Harold Rosales (Hispanic) on February 24, 2004
> Mike McCartney (Caucasian) on May 24, 2005

Lee Holen Law Office
608 West Fourth Avenue, Suite 21
Anchorage, Alaska 99501
Tel. (907) 278-0298 - Fax (907) 278-0247
E-Mail: leeholen@gci.net

> I have never had a situation where a Loss Prevention employee who failed to timely report a non-arrest apprehension within one hour was not promptly terminated. I have consistently followed the policy that failure to timely report a non-arrest apprehension results in immediate termination."

Fred Meyer is refusing to provide Plaintiff and the court with information as to the alleged comparables to Breland, and for this reason the defense should be stricken (or the documents produced).

In fact, it is believed the individuals mentioned by Mr. Ruoff in ¶ 22 are employed by Fred Meyer in Washington and Oregon, <u>not even Alaska</u>. As will be shown below, the comparables cited by Ruoff, if not from Alaska, do not meet the standard of similarly situated comparables based on the differences in supervisors and geographic location alone.

## II. Legal Authority

To prove a claim of disparate treatment, a plaintiff in a discrimination case may show that he was treated differently than other similarly situated employees who violated work rules of comparable seriousness. Here, the employer Fred Meyer seeks to use this legal doctrine to show it treated all similarly situated employees the same as Breland. (Declaration of Kevin Ruoff (8/24/06), Docket No. 32, ¶ 22.) However, without the underlying documents on the comparables used by Fred Meyer, it is impossible to address and defend whether these employees truly are similarly situated.

**Lee Holen Law Office**
608 West Fourth Avenue, Suite 21
Anchorage, Alaska 99501
Tel. (907) 278-0298 - Fax (907) 278-0247
E-Mail: leeholen@gci.net

Courts define similarly situated employees as those who deal with the same supervisor and are subject to the same standards governing performance evaluation and discipline. In determining whether they are similarly situated, a court also should compare the relevant employment circumstances, such as work history and company policies applicable to the plaintiff and the intended comparable employees. *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1404 (10th Cir. 1997); *Hollins v. Atlantic Co.*, 188 F.3d 652, 659 (6th Cir. 1999) (*citing Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992)).

In the Ninth Circuit, a plaintiff must show that the comparable employees hold job positions similar to plaintiff's position and displayed conduct similar to plaintiff's. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003). The standard for whether employees are similarly situated has been described by some appellate courts as "rigorous." *Steik v. Garcia*, 2003 U.S. Dist. LEXIS 22680 (N.D. Cal. Dec. 9, 2003).

> In addition, other appellate courts have emphasized that the comparable employees must be similar <u>in all respects</u>. *Mitchell v. Toledo Hospital*, 964 F.2d 577, 583 (6th Cir. 1992). Thus, the employees to whom plaintiff seeks to compare himself "<u>must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it</u>." [*Id.*, emphasis added.]

As noted, evidence that similarly situated employees are disciplined more leniently than the plaintiff is admissible to support a plaintiff's disparate treatment

Lee Holen Law Office
608 West Fourth Avenue, Suite 21
Anchorage, Alaska 99501
Tel. (907) 278-0298 - Fax (907) 278-0247
E-Mail: leeholen@gci.net

claim. Thus, employees are similarly situated when the comparator employees are involved in or accused of the same or similar conduct yet are disciplined in a different, more favorable manner. The quantity and quality of the comparator's misconduct must be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges. *Rawlinson v. Whitney Nat'l Bank*, 416 F. Supp. 2d 1263, 1269 (D. Ala. 2005) (citations omitted).

The only difference in Breland's case is that it is the <u>Defendant</u> who seeks to use comparables in its defense. But the standard of proving similarly situated should be no more lenient for Fred Meyer than it is for a discrimination plaintiff who seeks to use the comparables to prove disparate treatment. The legal principles involved clearly call for all the facts and circumstances regarding the comparables to be discoverable and admissible at trial, no matter which party seeks to use the comparable doctrine.

### III. Production Should Be Compelled

It is Defendant's position that the time for discovery now has passed, the documents were not previously requested, and it refuses to "reopen" discovery. Plaintiff does not agree with Defendant's position.[1] These documents should have been disclosed during the discovery period, pursuant to Fed. R. Civ. P. 26(a)(1)(B),

---

[1] In accordance with Fed. R. Civ. P. 37(a)(1)(a) and 37(a)(3), counsel certifies that by discussing same with Defendant's counsel, she attempted to informally resolve this matter without intervention of the court, to no avail.

**Lee Holen Law Office**
608 West Fourth Avenue, Suite 21
Anchorage, Alaska 99501
Tel. (907) 278-0298 - Fax (907) 278-0247
E-Mail: leeholen@gci.net

which requires disclosure of "all documents…in the possession, custody, or control of the party and that the disclosing party may use to support is claims or defenses…" Instead, Plaintiff learned of these specific three comparables for the first time in Defendant's summary judgment papers.

Without the underlying data on Defendant's recent defense – that Kevin Ruoff terminated three other similarly situated employees for failing to make reports under similar circumstances – Plaintiff is unable to address that defense. This does not mean Plaintiff is trying to "reopen" discovery; rather, it illustrates that Defendant Fred Meyer is raising a new defense without the disclosure required by the Rules.

Thus, in order to explore Fred Meyer's new defense, Plaintiff should be provided with investigative notes, all written statements, surveillance videos, incident reports, employee histories, and related documents for each individual listed in Ruoff's declaration. Without this underlying documentation, Plaintiff Breland has no means with which to test whether the situations mentioned in the Ruoff Affidavit were comparable to Breland's. In fact, given Plaintiff's information and belief that these people do not work in Alaska and obviously do not have the same supervisors, it is unlikely they are admissible comparables.

### IV. In The Alternative, The Defense And ¶ 22 Of Ruoff's Affidavit Should Be Stricken

Fred Meyer should not be allowed to rely upon this "similarly situated" defense at trial or to support its motion for summary judgment when it refuses to produce

Lee Holen Law Office
608 West Fourth Avenue, Suite 21
Anchorage, Alaska 99501
Tel. (907) 278-0298 - Fax (907) 278-0247
E-Mail: leeholen@gci.net

information on same. Since Defendant is unwilling to produce the documents underlying its defense to allow Plaintiff an opportunity to adequately prepare his case, then the documents and the defense itself should be excluded from evidence and the entire ¶ 22 stricken from Ruoff's Affidavit.

### V. Conclusion

Because Plaintiff has not had the opportunity to test or distinguish the similarly situated defense raised by Fred Meyer after the close of discovery, the Defendant should be required to produce documents regarding the three individuals alleged to be similar in disciplinary circumstances to Breland.[2] In the alternative, Fred Meyer's defense and the entire ¶ 22 from Ruoff's Declaration should be stricken and disregarded in summary judgment and at trial.

DATED this 11th day of September, 2006.

          LEE HOLEN LAW OFFICE
          Attorney for Plaintiff

    By: s/Lee Holen
        608 W. 4th Avenue, Suite 21
        Anchorage, Alaska 99501
        Phone: (907) 278-0298
        Fax: (907) 278-0247
        E-mail: leeholen@gci.net
        Alaska Bar No. 7810071

**Lee Holen Law Office**
608 West Fourth Avenue, Suite 21
Anchorage, Alaska 99501
Tel. (907) 278-0298 - Fax (907) 278-0247
E-Mail: leeholen@gci.net

---

[2] Production required on each allegedly comparable employee includes investigative notes, all written statements, surveillance videos, incident reports, employee history, and all related documents.

Certificate of Service
I hereby certify that on the 11th day of September, 2006, a copy of the foregoing Memorandum in Support of Motion to Strike or Compel Documents was served electronically on James R. Dickens and Peter E. Gruenstein.

s/Lee Holen
Lee Holen Law Office

**Lee Holen Law Office**
**608 West Fourth Avenue, Suite 21**
**Anchorage, Alaska 99501**
**Tel. (907) 278-0298 - Fax (907) 278-0247**
**E-Mail: leeholen@gci.net**