James R. Dickens  
MILLER NASH LLP  
4400 Two Union Square  
601 Union Street  
Seattle, WA 98101-2352  
Telephone: (206) 622-8484  
Fax: (206) 622-7485  
jim.dickens@millernash.com

Peter Gruenstein  
GRUENSTEIN & HICKEY  
Resolution Plaza  
1029 W. 3rd Avenue, Suite 510  
Anchorage, AK 99501  
Telephone: (907) 258-4338  
Fax: (907) 258-4350  
ghlaw3@gci.net

      Attorneys for Defendant

Hon. Timothy M. Burgess

UNITED STATES DISTRICT COURT  
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JAMES BRELAND,<br><br>      Plaintiff,<br><br>   v.<br><br>FRED MEYER STORES, INC.,<br><br>      Defendant. | Case No. A05-169 CI (TMB) |

**OPPOSITION TO PLAINTIFF'S MOTION**
**REGARDING ADMISSIBILITY OF EVIDENCE**

      Defendant, Fred Meyer Stores, Inc., opposes plaintiff's motion for an evidentiary ruling allowing the introduction of evidence occurring during the year *after* the termination of plaintiff. This evidence relates, purportedly, to the continued employment and subsequent termination of plaintiff's former supervisor. Plaintiff's evidence of the reasons for the former supervisor's termination (*i.e.*, an inappropriate racial comment) is

OPPOSITION TO PLAINTIFF'S MOTION  
REGARDING ADMISSIBILITY OF EVIDENCE  
Breland v. Fred Meyer Stores, Inc.  
Case No. A05-169 CI (TMB)  
Page 1 of 6

SEADOCS:246382.1

unrelated to the reason for plaintiff's termination (failing to timely report a customer arrest), and it is inadmissible under the applicable rules of evidence.

## I. MEMORANDUM IN SUPPORT

### A. Introduction

Plaintiff James Breland has moved for an evidentiary ruling seeking advance permission to introduce evidence concerning events that took place at Fred Meyer over a year after Breland's termination. Plaintiff intends to "use post-termination evidence to illustrate that the employer's actions were insufficient to stop the harassment and relevant to show Fred Meyer's [Faragher/Ellerth] defense fails." Plaintiff's Motion, p. 2. Such evidence, occurring after plaintiff's termination, is not relevant to the sufficiency of Fred Meyer's remedial actions which prevented alleged harassment of Breland during the period following his initial complaint two years before his former supervisor was terminated, and it is not relevant to the reasons for the termination of plaintiff's employment.

### B. Factual Background

Breland alleges that his former supervisor, Bryan Stewart, subjected him to a hostile work environment on the basis of his race. Fred Meyer has asserted an affirmative defense to Breland's hostile environment claim. Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998), and Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 765 (1998). The essence of the defense is that Fred Meyer is not liable for conduct that occurred before Breland complained, and that Fred Meyer took prompt and effective corrective action after Breland complained.

On March 22, 2004, Breland complained for the first time about alleged racial comments made by Stewart.[1] An investigation was conducted and remedial steps were

---

[1] Plaintiff fails to cite to any record (deposition testimony, documents, or declarations) for his alleged facts. Defendant refers the Court to its pending motion for summary judgment with cites to admissible evidence.

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

OPPOSITION TO PLAINTIFF'S MOTION
REGARDING ADMISSIBILITY OF EVIDENCE
Breland v. Fred Meyer Stores, Inc.
Case No. A05-169 CI (TMB)
Page 2 of 6

SEADOCS:246382.1

undertaken. The corrective action included a direct apology by Stewart to Breland, a requirement that Stewart attend diversity training and, ultimately, removal of Stewart from supervisory authority over Breland by transferring him to a different store. A formal written reprimand was intended but did not occur until some months later as a result of a misunderstanding between the two supervisors in Stewart's dual reporting structure as to which one would complete this reprimand.

After March 22, 2004, Breland never again complained to Fred Meyer about additional inappropriate racial comments in his presence by Stewart. Breland did complain a second time in October, but his contention was that while he recognized he should have no input into Stewart's discipline for the incidents he reported in March, he felt the discipline for those *same* incidents was inadequate. Fred Meyer again reviewed plaintiff's March 22, 2004, complaint and gave Stewart a "first, last, and final" written warning on December 2, 2004. It is undisputed that Fred Meyer took these steps to prevent and correct any actual or perceived harassment.

Almost a year after his initial March 2004 complaint, Breland was terminated on February 15, 2005, for violation of company policy (failure to timely report a non-apprehension arrest). Breland's former supervisor, Stewart, played no role in Breland's termination, and they had not worked together for about six months. Thereafter, in March 2006, Fred Meyer investigated a second allegation that Stewart had made a racial remark in the workplace, which Stewart adamantly denied. This was two years after Breland's initial complaint, and over one year after Breland's termination for failing to timely report a non-apprehension arrest. Nevertheless, based upon the prior "first, last, and final warning" of December 2, 2004, and the supervisor's conclusion that Stewart had made an inappropriate racial remark, Fred Meyer terminated Stewart on March 23, 2006.

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

OPPOSITION TO PLAINTIFF'S MOTION
REGARDING ADMISSIBILITY OF EVIDENCE
Breland v. Fred Meyer Stores, Inc.
Case No. A05-169 CI (TMB)
Page 3 of 6

SEADOCS:246382.1

### C. Legal Analysis

Plaintiff desires to introduce evidence of events that occurred over a year after Breland's termination, including the alleged inappropriate remark by Stewart and his subsequent termination. Presumably, such evidence is intended to show that Fred Meyer's initial response to Breland's complaint about Stewart was ineffective. However, such post-termination evidence has no bearing on whether Fred Meyer's response to Breland's initial complaint was effective *as to Breland*. Evidence that Stewart made an inappropriate remark two years after Breland's initial complaint and was terminated for it over one year after Breland's termination for failing to timely report a customer arrest is both irrelevant and prejudicial.

The only authority cited by plaintiff, Swinton v. Potomoc Corp., 270 F.3d 794 (9th Cir. 2001), is inapposite. As plaintiff acknowledges, the Swinton case considered the admissibility of subsequent remedial measures for purposes of assessing punitive damages. Swinton allows introduction of such evidence by the defendant to show that its subsequent rehabilitative efforts render punitive damages unnecessary. Swinton, 270 F.3d at 814. However, in the context of assessing liability for discrimination, Swinton explicitly states that an entirely different analysis applies:

> Courts have held quite sensibly, that evidence of post-event occurrences are rarely relevant to the issue of whether the defendant actually engaged in discrimination. . . .

Swinton, 270 F.3d at pp. 811-812 (citations omitted).

Swinton does make passing reference to the fact that the Faragher/Ellerth defense necessarily involves consideration of employer remedial actions after alleged harassing conduct has occurred. Swinton, 270 F.3d at 814. But this dicta has no bearing on the motion before this court—whether events and remedial actions involving other employees in the year following plaintiff's termination are relevant in assessing the effectiveness of the remedial actions taken *as to plaintiff*. Plaintiff cites no authority for this

OPPOSITION TO PLAINTIFF'S MOTION
REGARDING ADMISSIBILITY OF EVIDENCE
Breland v. Fred Meyer Stores, Inc.
Case No. A05-169 CI (TMB)
Page 4 of 6

SEADOCS:246382.1

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

proposition. In the context of liability assessment, the <u>Swinton</u> court noted that evidence of defendant's conduct and subsequent remedial efforts following the alleged harm to a plaintiff is typically excluded by Fed. R. Evid. 407. <u>Id.</u>

Plaintiff seeks to show the inadequacy of Fred Meyer's response to Breland's complaint by introducing evidence that, following Breland's termination one year later, Stewart made another inappropriate remark and was terminated. This is exactly the kind of evidence inadmissible under Fed. R. Evid. 407 ("When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible. . . "). Subsequent remedial measures inadmissible under Fed. R. Evid. 407 include discipline and discharge of employees. <u>Maddox v. City of Los Angeles</u>, 792 F.2d 1408, 1417-18 (9th Cir. 1986); <u>Hull v. Chevron U.S.A., Inc</u>., 812 F.2d 584, 586-87 (10th Cir. 1987). Bryan Stewart's termination by Fred Meyer a year after Breland's termination, for reasons unrelated to the policy breach which resulted in Breland's discharge, is not admissible to show that the specific remedial measures taken in response to Breland's complaint were ineffective as to him.

Events subsequent to Breland's termination are not "facts of consequence" in determining liability to Breland and thus fail to satisfy Fed. R. Evid. 401. Where the employer's remedial response ends the complained-of conduct, it is simply not relevant whether a different response might have been even more effective or more satisfactory to the plaintiff. Furthermore, the introduction of evidence of events *after* Breland's termination and unrelated to the reasons therefor, involving other employees, essentially requires Fred Meyer to defend distinct claims by non-parties as part of its response to Breland's allegations. Any probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading of the jury. Fed. R. Evid. 403.

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

OPPOSITION TO PLAINTIFF'S MOTION
REGARDING ADMISSIBILITY OF EVIDENCE
Breland v. Fred Meyer Stores, Inc.
Case No. A05-169 CI (TMB)
Page 5 of 6

SEADOCS:246382.1

## II. CONCLUSION

For the reasons stated above, evidence regarding Bryan Stewart's employment, conduct and termination subsequent to Breland's termination on February 15, 2005, should be excluded from this case.

DATED this 18th day of September, 2006.

MILLER NASH LLP

s/ James R. Dickens
Miller Nash LLP
4400 Two Union Square
601 Union Street
Seattle, WA 98101-2352
Phone: (206) 622-8484
Fax: (206) 622-7485
E-mail: jim.dickens@millernash.com
Admitted *pro hac vice*

GRUENSTEIN & HICKEY

s/ Peter Gruenstein
Gruenstein & Hickey
Resolution Plaza
1029 W. 3rd Avenue, Suite 510
Anchorage, AK 99501
Phone: (907) 258-4338
Fax: (907) 258-4350
E-mail: ghlaw@gci.net
ABA No. 7910079

Attorneys for Defendant

Certificate of Service

I hereby certify that on September 18, 2006,
a copy of the foregoing was served
electronically on:

Lee Holen

s/ James R. Dickens

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

OPPOSITION TO PLAINTIFF'S MOTION
REGARDING ADMISSIBILITY OF EVIDENCE
Breland v. Fred Meyer Stores, Inc.
Case No. A05-169 CI (TMB)
Page 6 of 6

SEADOCS:246382.1