LEE HOLEN LAW OFFICE
608 W. 4th Avenue, Suite 21
Anchorage, Alaska 99501
leeholen@gci.net
(907) 278-0298 ph
(907) 278-0247 fax

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JAMES BRELAND,  )<br>              )<br>         Plaintiff,   )<br>              )<br>vs.           )<br>              )<br>FRED MEYER STORE, INC.,  )<br>              )<br>         Defendant.  )<br>_____) | Case No. A05-169 CI (TMB)<br><br>**AFFIDAVIT OF<br>LEE HOLEN** |

Lee Holen, being first duly sworn upon oath, deposes and says:

1) I provide this Affidavit in support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment. The information I provide is of my own personal knowledge and true to the best of my information and belief.

2) I attended all the depositions in this case, and took depositions of Bonini, Krieger, Becker, Johnson, Kodiak, and Ruoff. The depositions were not transcribed, but the statements and admissions attributed to each of the witnesses are true and correct to the best of my information and belief.

3) Kevin Ruoff confirmed that between March of 2003 and the end of October, nothing happened on Breland's complaint, and there were no notations made in Stewart's file or any retained documentation. He admitted he told Breland he had dropped the ball on the investigation of his complaint.

4) Ruoff testified he did conduct an investigation in November of 2004, after Breland filed a second complaint and copied it to Scott Bringhurst, the Director

of Loss Prevention, Ruoff's supervisor. Ruoff's memory of the investigation was vague, and he followed up with only two individuals he could remember, a Mr. Peace and a female LPS whose name he did not recall. His affidavit claims he found no evidence of further racial comments by Stewart after March 22, 2004, when Breland first complained. He took no notes of anything he did with regard to Breland's initial complaint or the follow-up complaint, other than the email between him and Johnson when he forwarded on Breland's complaint.

5) Mr. Ruoff testified at his deposition that he came to Anchorage and Alaska as part of his RLPM job once a month or every other month. One of the purposes of the visits was for him to review/assist with personnel issues.

6) Mr. Ruoff admitted that he did not review or retain the earlier tape of the February 14, 2005, incident involving Breland earlier with the same customers Kodiak stopped later. He agreed the usual procedure was to retain any tapes where there was an ongoing issue about which there could be some dispute or problem.

7) Kevin Ruoff testified regarding his decision to transfer Bryan Stewart to the Dimond store from Muldoon in August of 2004. There were two reasons for the transfer: (1) Stewart's stress and performance during the remodel, and (2) the issue of his and the store manager's relationship, which appeared to violate the company's non-fraternization policy; the purpose of the policy was to assure there were no conflicts of interest or bias if security employees were forced to arrest or report store employees at any level.

8) Ruoff admitted he initially charged Breland with responsibility for Kodiak's stop on February 14, because Kodiak was in training and Breland was responsible for Kodiak's training. At his deposition, he also admitted he had learned that none of those involved – Breland, his supervisor, or Kodiak himself – were aware that Kodiak was in training or that Breland was responsible for his training. Ruoff

Lee Holen Law Office
608 West Fourth Avenue, Suite 21
Anchorage, Alaska 99501
Tel. (907) 278-0298 - Fax (907) 278-0247
E-Mail: leeholen@gci.net

Affidavit of Lee Holen
Case No. A05-169 (TMB)
Page 2 of 3

conceded that given the fact there was no notice to anyone that Kodiak was in training, this was not a reason to terminate Breland.

9) Ruoff indicated at his deposition that the issue of Breland's termination for two non-arrest apprehensions in less than 24 months had not been reached at the time of termination, since it still was under review.

10) At his deposition, Kevin Ruoff identified the two different letters to Stewart as his, including the handwritten transmitted note on Exhibit 62. (Exs. 57 and 68.)

11) At his deposition, Kevin Ruoff identified Exhibit 60 as reflecting Fred Meyer policy at the Muldoon Store, to require all five elements to be in one individual; the elements cannot be split or reacted to by a different individual.

DATED at Anchorage, Alaska this **25** day of September, 2006.

_____
Lee Holen

SUBSCRIBED AND SWORN TO before me this 25th day of September, 2006.

_____
Notary Public in and for Alaska
My Commission expires: 1/8/09

Certificate of Service

I hereby certify that on the 25th day of September, 2006, a copy of the foregoing Affidavit of Lee Holen was served electronically on James R. Dickens and Peter E. Gruenstein.

s/Lee Holen
Lee Holen Law Office

Affidavit of Lee Holen
Case No. A05-169 (TMB)
Page 3 of 3

Lee Holen Law Office
608 West Fourth Avenue, Suite 21
Anchorage, Alaska 99501
Tel. (907) 278-0298 · Fax (907) 278-0247
E-Mail: leeholen@gci.net