James R. Dickens
MILLER NASH LLP
4400 Two Union Square
601 Union Street
Seattle, WA 98101-2352
Telephone: (206) 622-8484
Fax: (206) 622-7485
jim.dickens@millernash.com

Peter Gruenstein
GRUENSTEIN & HICKEY
Resolution Plaza
1029 W. 3rd Avenue, Suite 510
Anchorage, AK 99501
Telephone: (907) 258-4338
Fax: (907) 258-4350
ghlaw3@gci.net

    Attorneys for Defendant

Hon. Timothy M. Burgess

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

JAMES BRELAND,

    Plaintiff,

v.

FRED MEYER STORES, INC.,

    Defendant.

Case No. A05-169 CI (TMB)

**OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE OR COMPEL PRODUCTION**

## I. INTRODUCTION

Defendant, Fred Meyer Stores, Inc., opposes plaintiff's motion to strike any of the declaration of Kevin Ruoff, filed in support of defendant's motion for summary judgment, or to produce discovery to the extent requested by plaintiff.

While defendant firmly believes that the discovery sought, or the alternative of striking defenses by Fed Meyer or paragraph 22 in Kevin Ruoff's declaration are

OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE OR COMPEL PRODUCTION
Breland v. Fred Meyer Stores, Inc.
Case No. A05-169 CI (TMB)
Page 1 of 7

SEADOCS:247203.1

inappropriate, it is producing all documents from Mr. Ruoff's personal files regarding the three individuals referenced in his declaration at paragraph 22. We expect that this production will eliminate this as an issue. Fred Meyer does continue to object, however, to the scope of the request by plaintiff, which would be a re-opening of discovery already extended, which would include "surveillance videos," employee histories and related documents.

## II. MOTION

Plaintiff has not timely requested production of documents from Fred Meyer to support his claims, or to ascertain why his termination was not for discriminatory reasons. Throughout this action, until the deposition of plaintiff's former supervisor, regional loss prevention manager Kevin Ruoff, at the close of the extended discovery period, plaintiff still did not understand that the basis for his termination was his failure to timely report a non-arrest apprehension.

Fred Meyer has a policy requiring all loss prevention officers to report a non-arrest apprehension within one hour of its occurrence, which plaintiff failed to do.

When Mr. Ruoff was deposed by plaintiff during the last week of the extended discovery period (July 25, 2006), he testified that everyone who had failed to timely report a non-arrest apprehension within one hour was terminated. Despite that information on July 25, 2006, it was not for 45 days that this request for additional documents beyond the almost 2,000 already produced was even sought.

Defendant contends that this present motion by plaintiff is an untimely motion to re-open discovery, and that Fred Meyer complied with the initial disclosures requirements and has provided 2,000 documents already to plaintiff. But Fred Meyer is producing additional documents relating to the three people from Mr. Ruoff's files. The motion to compel should be denied to the extent anything beyond the documents being produced herein is requested.

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE OR COMPEL PRODUCTION
Breland v. Fred Meyer Stores, Inc.
Case No. A05-169 CI (TMB)
Page 2 of 7

SEADOCS:247203.1

### III. DISCUSSION

1. Complaint.

The complaint in this case was filed July 18, 2005. Plaintiff complained that his discharge was because of alleged racial discrimination and that a prior hostile environment was due to his race. He included claims for retaliation in response to his complaints of racial discrimination, and wrongful discharge contrary to state public policy. Defendant Fred Meyer answered on September 19, 2006, and denied the allegations supporting the alleged claims.

2. Fred Meyer Produced Discovery Months Before Initial Disclosures.

Plaintiff's original counsel from July 18, 2005, until April 10, 2006, never provided any initial disclosures. He did, however, send Fred Meyer extensive discovery requests (requests for documents and interrogatories) in October 2005. Defendant produced extensive discovery responses on November 18, 2005.

It was not until new counsel entered the case in May 2006 that defendant even received plaintiff's initial disclosures on June 7, 2006. After receiving plaintiff's initial disclosures, defendant responded on June 23, 2006, and referenced the 360 documents previously produced and provided an additional 34 documents. Immediately thereafter, on June 27, 2006, plaintiff sent defendant a second set of discovery requests, and then a third set of discovery requests on July 7, 2006. Defendant responded to both discovery requests, including answering the third set on an expedited basis at plaintiff's request so his new attorney could take depositions before the close of discovery even though the time frame for answering those last discovery requests would have been after the depositions desired by plaintiff.

OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE OR COMPEL PRODUCTION
Breland v. Fred Meyer Stores, Inc.
Case No. A05-169 CI (TMB)
Page 3 of 7

SEADOCS:247203.1

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

### 3. Discovery cutoff.

After the action was initially filed, this Court on October 20, 2005, set a discovery cutoff of May 1, 2006, which stated that "All discovery must be scheduled so as to be <u>completed</u> by May 1, 2006."

When plaintiff's first counsel withdrew on April 10, 2006, and the new counsel appeared on May 8, 2006, defendant cooperated with plaintiff's new counsel in extending the discovery from May 1, 2006, to August 1, 2006, a three month extension. Likewise, defendant cooperated with plaintiff by expediting responses to plaintiff's written discovery requests and producing witnesses. The initial disclosures by defendant on June 23, 2006, were in response to the issues as raised at that time by plaintiff, and many of the documents already had been produced in response to discovery requests received eight months *prior* to the initial disclosures from plaintiff to defendant. The initial disclosures requirement is for the purpose of giving the parties, without the formal discovery requirements, some idea of the witnesses and documents known at that time with regard to the claims or defenses or damages. But the initial disclosures were not intended to be totally inclusive of all issues that might arise, or all products that subsequently may be relevant, or there would be no need for subsequent discovery requests per interrogatories and requests for production of documents.

Defendant contends plaintiff's argument is without merit. This is because while defendant complied with the requirements of the initial disclosures, the timing of plaintiff's initial disclosures eight months after he had been provided responses to his specific discovery requests to defendant regarding his claims, with over 1,500 documents produced, made the initial disclosures mostly an unproductive exercise.

### 4. Kevin Ruoff deposition.

The person who made the decision to terminate plaintiff was the Regional Loss Prevention Manager (RLPM), Kevin Ruoff. This fact was known to plaintiff because

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE OR COMPEL PRODUCTION
Breland v. Fred Meyer Stores, Inc.
Case No. A05-169 CI (TMB)
Page 4 of 7

SEADOCS:247203.1

he filed a charge of discrimination with the Alaska State Human Rights Commission about March 15, 2005, one month after his termination. In the statement plaintiff filed with the ASCHR, plaintiff stated that the reason for his termination was because "you didn't report the non-arrest apprehension". See Exhibit 1 attached to defense counsel's declaration submitted herewith, plaintiff's document no. 0008, submitted to the ASCHR prior to the filing of this present lawsuit. What this illustrates is that from the date of his termination, plaintiff has known that the reason on which Fred Meyer relied was his failure to timely report the "non-arrest apprehension". Therefore, Fred Meyer's defense that plaintiff was treated the same as other employees who have breached this policy has been consistent from the very beginning. See also Exhibits 2 and 3 attached to defense counsel's declaration, which state that there will be immediate termination of anyone failing to report a non-arrest apprehension within one hour of its occurrence. Ex. 3 was signed by plaintiff, acknowledging this policy. Accordingly, this explanation is *not* a surprise because plaintiff knew almost immediately the basis for his termination. Furthermore, as noted above, this issue of whether other loss prevention employees had been terminated for failing to timely report a non-arrest apprehension was discussed in the deposition of Kevin Ruoff on July 25, 2006. For plaintiff to delay until September 10, 2006, to claim that additional documents should have been produced beyond the over 1,800 in response to many other earlier requests is not meritorious, or to suggest there is a reasonable basis for any surprise, is incorrect and disingenuous.

     5.    Documents produced.

Fred Meyer contends that no additional discovery is warranted as plaintiff both knew the basis for his termination 18 months ago, and because Fred Meyer provided hundreds and hundreds of documents in response to plaintiff's discovery requests. Defendant agreed to a three-month extension of the original discovery cutoff date of May 1, 2006, due to the change in counsel for plaintiff. Nevertheless, Fred Meyer will provide no

OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE OR COMPEL PRODUCTION
Breland v. Fred Meyer Stores, Inc.
Case No. A05-169 CI (TMB)
Page 5 of 7

SEADOCS:247203.1

later than Friday, September 29, 2006, all additional records from the personal files of Kevin Ruoff on which he relied in his decision to terminate the three other individuals for breach of the same Fred Meyer policy as occurred with plaintiff for failing to advise him (or another LPM) within one hour of its occurrence of any non-arrest apprehension.  We further note that defendant did respond to plaintiff's RFP No. 39 requesting the production of all non-arrest apprehensions and attempted arrest forms for all Fred Meyer stores from the year 2000 to the present (see Exhibit 4 attached to defense counsel's declaration, referring to production of almost 400 documents on this issue).

DATED this 26th day of September, 2006.

MILLER NASH LLP

s/ James R. Dickens
Miller Nash LLP
4400 Two Union Square
601 Union Street
Seattle, WA 98101-2352
Phone:  (206) 622-8484
Fax:  (206) 622-7485
E-mail:  jim.dickens@millernash.com
Admitted *pro hac vice*

GRUENSTEIN & HICKEY

s/ Peter Gruenstein
Gruenstein & Hickey
Resolution Plaza
1029 W. 3rd Avenue, Suite 510
Anchorage, AK 99501
Phone:  (907) 258-4338
Fax:  (907) 258-4350
E-mail:  ghlaw@gci.net
ABA No. 7910079

Attorneys for Defendant

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE OR COMPEL PRODUCTION
Breland v. Fred Meyer Stores, Inc.
Case No. A05-169 CI (TMB)
Page 6 of 7

SEADOCS:247203.1

Certificate of Service

I hereby certify that on September 26, 2006, a copy of the foregoing was served electronically on:

Lee Holen

*s/ James R. Dickens*

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE OR COMPEL PRODUCTION
Breland v. Fred Meyer Stores, Inc.
Case No. A05-169 CI (TMB)
Page 7 of 7

SEADOCS:247203.1