James R. Dickens  
MILLER NASH LLP  
4400 Two Union Square  
601 Union Street  
Seattle, WA  98101-2352  
Telephone:  (206) 622-8484  
Fax:  (206) 622-7485  
jim.dickens@millernash.com

Peter Gruenstein  
GRUENSTEIN & HICKEY  
Resolution Plaza  
1029 W. 3rd Avenue, Suite 510  
Anchorage, AK  99501  
Telephone:  (907) 258-4338  
Fax:  (907) 258-4350  
ghlaw3@gci.net

    Attorneys for Defendant

Hon. Timothy M. Burgess

UNITED STATES DISTRICT COURT  
FOR THE DISTRICT OF ALASKA

JAMES BRELAND,

    Plaintiff,

v.

FRED MEYER STORES, INC.,

    Defendant.

Case No. A05-169 CI (TMB)

## DECLARATION OF JAMES R. DICKENS (9/26/06)

I, James R. Dickens, declare:

    1.    I am an attorney with the law firm of Miller Nash LLP, attorneys for defendant Fred Meyer Stores, Inc., in the above-referenced matter.  I make this declaration based on my personal knowledge and my review of the records, files, and discovery to date.

    2.    This lawsuit was filed by plaintiff on July 18, 2005.

    3.    Plaintiff did not provide defendant with the initial disclosures required by Fed. R. Civ. P. 26 during the first nine months of this action.  Instead, on October 12,

2005, plaintiff sent defendant his first set of interrogatories and first requests for production of documents. On October 21, 2005, defendant sent plaintiff its first set of discovery requests. By December 14, 2005, defendant had answered plaintiff's initial discovery set, and plaintiff had answered defendant's initial set of discovery. The scope of these discovery requests appeared to be as broad or broader than the requirement for the initial disclosures. Relying on those written discovery responses, defendant even submitted its final witness list to plaintiff on March 31, 2006.

    4.  Plaintiff's first counsel, Darryl D. Walker, filed a motion to withdraw on March 31, 2006. On April 10, 2006, this Court granted the motion to withdraw. New counsel appeared for plaintiff on May 8, 2006.

    5.  It was only after the appearance of plaintiff's present counsel, and in a reverse of the normal procedure, that initial disclosures were exchanged. Plaintiff providing his initial disclosures to defendant on June 7, 2006, and defendant (although I did not think these were required at this time, given the prior discovery) provided its initial disclosures on June 23, 2006.

    6.  Prior to the date of this declaration, September 26, 2006, Fred Meyer had produced over 1,900 documents to plaintiff either in response to his earlier discovery requests or defendant's initial disclosures. As defendant viewed this case, it was very simple: Fred Meyer had a policy requiring all loss prevention officers to report a non-arrest apprehension within one hour of its occurrence. Per the policy, failure to do so would result in immediate termination. In plaintiff Breland's case, he was terminated for failure to report a non-apprehension arrest within one hour of its occurrence.

    7.  The documents produced to date by defendant for plaintiff include all files regarding James Breland; Fred Meyer's various employee policies including the Employee Handbook and Employee Responsibilities form; Fred Meyer policies on nondiscrimination; job description for the various positions in loss prevention where plaintiff

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

worked; files by the store director, regional loss prevention manager and anyone else on plaintiff; excerpts from the files of other employees in the Anchorage area in loss prevention; almost 400 pages of documents on non-arrest apprehensions from 2000 to the present (Fred Meyer document nos. 200872-201265); and various documents on loss prevention training.

8.  Attached hereto as Exhibit 1 is a page from the statement given by plaintiff to the Alaska State Human Rights Commission about March 15, 2005, and produced for us by plaintiff as his document no. 8. Note his statement in recounting the telephone discussion with Mr. Ruoff that the termination was because Mr. Breland "didn't report the non-arrest apprehension."

9.  Attached hereto as Exhibit 2 is a copy of the Fred Meyer loss prevention policy manual, and page 3 of which states that there will be an immediate termination of employee for "The Failure to report any non-arrest apprehension within 1 hour of its occurrence." Attached as Exhibit 3 is a related statement from loss prevention department, signed by Mr. Breland on January 31, 2004, and on page 3 of which has the same statement that there will be "immediate termination of employment" for "The Failure to report any non-arrest stop within 1 hour of its occurrence."

10.  Attached as Exhibit 4 is a copy of plaintiff's second set of discovery requests and the responses by defendant. RFP No. 39 asks for the production of all non-arrest apprehensions and attempted arrest forms and reports from all Fred Meyer Anchorage stores for the year 2000 to the present. Fred Meyer's response included document nos. 200872-201265 (almost 400 pages).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this 26th day of September, 2006.

*s/ James R. Dickens*
James R. Dickens

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DECLARATION OF JAMES R. DICKENS (9/26/06)
Breland v. Fred Meyer Stores, Inc.
Case No. A05-169 CI (TMB)
Page 3 of 4

SEADOCS:247245.1

Certificate of Service

I hereby certify that on September 26, 2006, a copy of the foregoing was served electronically on:

Lee Holen

*s/ James R. Dickens*

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484