10. On <u>February 15, 2005</u> at approximately 1750 hrs I was invited to the Store Director office. Once in the office Loss Prevention Manager Ryan Krieger and Store Director Mike Johnson was present. At this time Loss Prevention Manager Ryan Krieger ask me to explain what happened. At this time I explained what happened and then Mr. Krieger placed a call to Regional Loss Prevention Manager Kevin Ruoff at which time he told Kevin Ruoff what I said. After a few minutes on the phone Mr. Krieger hung the phone up and informed me that I was terminated. I then asked why and he stated because that what Kevin told me to do, Mr. Krieger then ask for my Loss Prevention badge and time card. He then said would you like to speak to Kevin concerning your termination, I said yes. A call was then place to Kevin Ruoff, once on the phone I then asked Kevin Ruoff why was I terminated he said "for violation of policy by not reporting a non-arrest apprehension." I then stated to Kevin Ruoff "That the non-arrest apprehension was not mines to report and that I'm not taking credit for a non-arrest apprehension that I didn't initiate." Mr. Ruoff then responded with "I don't understand why you didn't report the incident" I again stated it was not my non-arrest apprehension to report. Mr. Ruoff then said "Mr. Kodiak was in training and not allowed to make stops, so any mistake he made is your responsibility because you was supervising his training." <u>Mr. Ruoff then stated "My hands are tied because you didn't report the non-arrest apprehension"</u> at this time the call was terminated.

Exhibit 1 Page 1 of 1

Plaintiff #0008

## LOSS PREVENTION POLICY MANUAL

<u>Topic:</u>     Non-Arrest and Non-Policy Stops, Disciplinary Guidelines

Fred Meyer views direct and indirect allegations or implications of theft by any personnel as a most serious and potentially damaging act. There is a very specific procedure to be followed by Loss Prevention personnel when effecting apprehension of suspects. That procedure is to be followed.

Appreciating that we live in an imperfect world, on occasion, a customer will be approached who will not have the merchandise where the Loss Prevention Person believes it is located or the customer has paid for the merchandise. In either instance, we courteously apologize to the customer for their inconvenience, patience and any embarrassment, and permit them to continue on their way. This non-arrest apprehension or approach is immediately reported both verbally to your Supervisor and in written statement form as per instruction on Incident Reports.

***Non-arrest apprehensions or approach to a customer is the result of either an "error in judgment" or an "error in fact."***

<u>Error in Judgment :</u>     This type of non-arrest apprehension results from a failure to follow the Loss Prevention Apprehension procedures as outlined in Section #400 of this manual. This includes the apprehension of accomplices, the directing of a non-Loss Prevention employee to approach a Customer outside the store with a request for a receipt and/or proof of purchase, and the detention of a Customer, no matter how slight in duration, by a Loss Prevention employee to determine the ownership of property that does not result in an arrest or admission of theft.

This is the most serious non-arrest infraction and will usually result in serious disciplinary action up to and including termination of employment following examination of all facts surrounding the incident.

<u>**Error in Judgment – Disciplinary Guidelines – (Apparent Disregard for Corporate Loss Prevention Policy)**</u>

    **1st within 24 months**:    Written warning including suspension of employment without pay (3 days for LPS / 7 days for LPM). Re-read section 400 of the LP Manual and document that they have read and understand the policies within. LPS/LPM will write a report to the RLPM relating the facts of the non-arrest, what went wrong, what should have occurred, and the liability they have put themselves and Fred Meyer in.

    **2nd within 24 months**:    Termination of employment

*[Handwritten annotations:]*
7/25/06 Wed – Kevin Ruoff dep
6/28/06 – Mike Johnson dep.
6/29/06 Ryan Krieger dep

Breland v. Fred Meyer

Exhibit 2 Page 1 of 4

Ex. 33

(Sec 406 04/04)

1

**Error in Fact:** This type of non-arrest or approach results from following the Loss Prevention Apprehension procedures, however due to circumstances that you were not aware of at the time of the apprehension, the merchandise was not recovered. In this instance, the procedures were followed; however it resulted in a non-arrest. (Some examples: A customer was directed by an employee to do their own exchange or a customer had prepaid for merchandise and returned to the department to retrieve it).

When it has been determined that an Error in Fact has occurred, verbal counseling and progressive discipline, if necessary, will be administered according to the following guidelines:

**Error in Fact – Disciplinary Guidelines:**

    **1st within 12 months:**    Verbal Warning

    **2nd within 12 months:**    Written Warning

    **3rd within 12 months:**    Suspension of employment for three days for LPS or First/Last/Final letter of warning for LPM.

    **4th within 12 months:**    Termination of employment.

**Non-Policy Apprehensions:** This type of apprehension or approach is the result of failing to follow **ALL** the Loss Prevention Department's apprehension procedures, but does in fact lead to the arrest and admission to theft of a shoplifter. In this instance, one or more elements as described in the Loss Prevention Manual were missing, but the suspect did have unpaid for merchandise and admits to the theft.

While this infraction is less serious than an "Error in Fact" or "Error in Judgment," we must remember that the ends do not justify the means. All non-policy arrests will be reviewed by the Regional Loss Prevention Manager to determine the judgment used prior to making the apprehension and will result in a verbal or written warning. Repeat incidents will result in progressively more severe disciplinary action (suspension and/or termination of employment).

**Review of Facts:** The Regional Loss Prevention Manager will personally review the circumstances surrounding each non-arrest and non-policy apprehension, and the Loss Prevention person will be given an opportunity to explain, in their own words, all circumstances.

The Loss Prevention person may appeal the decision for disciplinary action to the Loss Prevention Director or Human Resource Department.

    A.    The RLPM will follow up with each person making a non-arrest apprehension. This should be in person, but can be done over the phone in remote stores. RLPM will need to review any available video of the non-arrest apprehension. The Loss Prevention Manager will be involved in the

Exhibit __2__ Page __2__ of __4__

    review process if the non-arrest was by a Loss Prevention subordinate within his/her location.

    During this review process, the Loss Prevention employee will not be involved in any type of shoplift surveillance, including use of cameras to aid other Loss Prevention employees in the apprehension or detection of theft.

B.    All non-arrest stops and final disciplinary action will be discussed by the RLPMs on the next Regional Conference call (typically on Monday of each week). This will ensure that each region is reacting in a similar fashion to the disciplinary actions taken.

    Loss Prevention Manager (if a subordinate was responsible for the non-arrest) will present the situation to the RLPMs and Corporate LP staff.

C.    RLPM is to complete the "RLPM NON-ARREST APPREHENSION REVIEW FORM". A copy of the form is to go into the employee's file with a copy to SXB.

    The Store Director should be involved in the disciplinary process for any LPS or LPM. Follow up needs to occur within 7 days of the non-arrest stop.

**Disciplinary Action:** As with all disciplinary action, each case needs to be reviewed on a case-by-case basis, and the action taken appropriate for the persons involved and the judgment used. Length of service, prior disciplinary action and overall judgment used needs to be taken into account. As always, termination of employment is always an option when the judgment of the individuals involved and their actions are so grievous and severe, that it places Fred Meyer at increased risk to civil liability.

The Loss Prevention person may appeal the decision for disciplinary action to the Loss Prevention Director or Human Resource Department.

Additionally, any of the following actions **will result in immediate termination of employment:**

A.    The Failure to report any non-arrest apprehension within 1 hour of its occurrence.

B.    Any non-arrest apprehension made before the Loss Prevention person has been released from Phase 2 training.

C.    Any gross disregard of Policy and or any grave lack of judgment that causes a non-arrest apprehension.

D.  Any continued or uncorrected lack of judgment / lack of fact which persists after re-training and education have been documented from previous incident.

**Reporting Requirements:**

Verbally report all non-arrest apprehensions or approaches to your Regional Loss Manager immediately. Immediately is defined as the next step to be taken and without delay. There is no reason why this communication should be delayed. If your RLPM is not available, contact your Corporate Director of Loss Prevention.

All **non-arrest apprehensions** or approaches must be documented as described in section #800 of the Loss Prevention Manual within **24** hours of the incident.

All **non-policy apprehensions** must be brought to the attention of the Regional Loss Prevention Manager within twenty-four **(24)** hours by sending to them a copy of the arrest report form and a full statement.

The golden rule of shoplifting apprehension is:

### FOLLOW PROCEDURE, AND "IF IN DOUBT, LET IT OUT"

**Acknowledgement of understanding:**

I have read and understand the non-arrest and non-policy apprehension and disciplinary guidelines. I further understand the policies and procedures for making a shoplift apprehension within Fred Meyer as described in section #400 of the Loss Prevention Manual.

Printed Name _____   Date _____

Your Signature _____   Loc _____

Exhibit __2__ Page __4__ of __4__

From: FRED MEYER ZONE 4          425 672 5256          08/10/2005 14:47 #353 P.021

18/LP5

## APPREHENSION OF A SUSPECT

When you apprehend a suspect for shoplifting or any other crime, you are effecting an arrest. An arrest, by definition, is to deprive a person of his liberty by legal authority - taking custody of another for the purpose of holding or detaining him to answer a criminal charge. All that is required for an "arrest" is some act by you indicating your intention to detain or take a person into custody, and thereby, subject that person to your control and will. No formal declaration of arrest is required. If you hold a special police commission, you are given legal authority to arrest a person committing a criminal offense on our property. If you are not commissioned, you may effect an arrest as a private citizen. **When you have restrained an individual's personal liberty or freedom of movement (however slight), an arrest has taken place.**

1.  Prior to apprehending a suspect for shoplifting, the following criteria must be met:

    a.  **You must** observe the suspect enter the section.

    b.  **You must** observe the suspect remove the merchandise from the display and know exactly what that item is.

    c.  If the item is concealed, **you must** observe that concealment and know exactly where it is.

    d.  **You must** maintain continuous observation of the suspect and merchandise from the time he/she removes the merchandise from the display until he/she exits the store. Once concealed, observation of the concealment area must be continuously observed.

    e.  **You must**, for purposes of safety, have another employee follow you out of the store to act as a witness and to provide assistance, if necessary.

**Remember:**

The golden rule of shoplifting apprehensions is:

### FOLLOW PROCEDURE, AND "IF IN DOUBT, LET IT OUT"

**Acknowledgement of understanding:**

I have read and understand the policy regarding the required elements to make a shoplift apprehension. I further understand all policies and procedures for making a shoplift apprehension within Fred Meyer as described in section #400 of the Loss Prevention Manual.

Printed Name _JAMES BRELAND_   Date _1/31/04_
Your Signature _Breland_   Date _1/31/04_

Exhibit _3_ Page _1_ of _3_

**RLPM/LPM Acknowledgment of review:**

I have reviewed this policy/procedure with the above listed Loss Prevention employee and am satisfied that the employee understands the policy/procedure.

Printed Name _Brian K. STEWART_   Date _1/31/04_
Your Signature _B K S_   Date _1/31/04_

7/25/06 - Ratoff dep
10/27/06 - Breland dep

Breland v. Fred Meyer (1 Ex. 19)

From: FRED MEYER ZONE 4    ...    05/10/2005 14:17 #551 P.022

18/LPS

To: All Loss Prevention Employees

Subject: Review / Discipline of Non-Arrest Apprehensions

**Review of Facts**: The Regional Loss Prevention Manager will personally review the circumstances surrounding each non-arrest apprehension and non-policy apprehension, and the Loss Prevention person will be given an opportunity to explain, in their own words, all circumstances.

    A. The RLPM will follow up with each person making a non-arrest apprehension. This should be in person, but can be done over the phone in remote stores. RLPM will need to review any available video of the non-arrest apprehension. The Loss Prevention Manager will be involved in the review process if the non-arrest was by a Loss Prevention subordinate within his/her location.

    During this review process, the Loss Prevention employee will not be involved in any type of shoplift surveillance, including use of cameras to aid other Loss Prevention employees in the apprehension or detection of theft.

    B. All non-arrest stops and final disciplinary action, will be discussed by the RLPM's on the next Regional Conference call (typically on Mondays of each week). This will ensure that each region is reacting in a similar fashion to the disciplinary actions taken.

    Loss Prevention Manager (if a subordinate was responsible for the non-arrest) will present the situation to the RLPM's and Corporate LP staff.

    C. RLPM is to complete the RLPM NON-ARREST APPREHENSION REVIEW FORM. A copy of the form is to go into the employee's file with a copy to SXB.

    The Store Director should be involved in the disciplinary process for any LPS or LPM. Follow up needs to occur within 7 days of the non-arrest stop.

**Disciplinary Action**: As with all disciplinary action, each case needs to be reviewed on a case-by-case basis, and the action taken appropriate for the persons involved and the judgment used. Length of service, prior disciplinary action and overall judgment used needs to be taken into account. As always, termination of employment is always an option when the judgment of the individuals involved and their actions, are so grievous and severe, that it places Fred Meyer at increased risk to civil liability.

The Loss Prevention person may appeal the decision for disciplinary action to the Loss Prevention Director or Human Resource Department.

The following disciplinary actions are the minimum that will be taken:

**Error in Judgment – Apparent Disregard for Corporate Loss Prevention Policy**

**1st within 24 months**: Written warning including suspension of employment without pay (3 days for LPS / 7 days for LPM). Re-read section 400 of the LP Manual and document that they have read and understand the policies within. LPS/LPM will write a report to the RLPM relating the facts of the non-arrest, what went wrong, what should have occurred, and the liability they have put themselves and Fred Meyer in.

**2nd within 24 months**: Termination of employment

Exhibit 3 Page 2 of 3

2

From: FRED MEYER-ZONE 4              425 672 5056            08/10/2005 14:48 #353 P.028

18/LPS

### Error in Fact

**1st within 12 months:** Verbal Warning

**2nd within 12 months:** Written Warning

**3rd within 12 months:** Suspension of employment for three days for LPS or First/Last/Final letter of warning for LPM.

**4th within 12 months:** Termination of employment

Additionally, any of the following actions **will result in immediate termination of employment**:

    A.    The Failure to report any non-arrest stop within 1 hour of its occurrence.
    B.    Any non-arrest stop made before the Loss Prevention person has been released from Phase 2 training.
    C.    Any gross disregard of Policy and or any grave lack of judgment that causes a non-arrest apprehension.
    D.    Any continued or uncorrected lack of judgment / lack of fact which persists after re-training and education have been documented from previous incident.

### Remember:

The golden rule of shoplifting apprehensions is:

**FOLLOW PROCEDURE. AND "IF IN DOUBT, LET IT OUT"**

**Acknowledgement of understanding:**

I have read and understand the policy on non-arrest apprehensions and the disciplinary guidelines. I further understand the policies and procedures for making a shoplift apprehension within Fred Meyer as described in section #400 of the Loss Prevention Manual.

Printed Name _JAMES BRELAND_       Date _1/31/04_
Your Signature _[signature]_         Date _1/31/04_

**RLPM/LPM Acknowledgment of review:**

I have reviewed this policy/procedure with the above listed Loss Prevention employee and am satisfied that the employee understands the policy/procedure.

Printed Name _Brian K. Stewart_      Date _1/31/04_
Your Signature _B. K. [signature]_   Date _1/31/04_

Exhibit _3_ Page _3_ of _3_

3

James R. Dickens
MILLER NASH LLP
4400 Two Union Square
601 Union Street
Seattle, WA 98101-2352
Telephone: (206) 622-8484
Fax: (206) 622-7485
jim.dickens@millernash.com

Peter Gruenstein
GRUENSTEIN & HICKEY
Resolution Plaza
1029 W. 3rd Avenue, Suite 510
Anchorage, AK 99501
Telephone: (907) 258-4338
Fax: (907) 258-4350
ghlaw3@gci.net

    Attorneys for Defendant

Hon. Timothy M. Burgess

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JAMES BRELAND,<br><br>    Plaintiff,<br><br>v.<br><br>FRED MEYER STORES, INC.,<br><br>    Defendant. | Case No. A05-169 CI (TMB) |

**DEFENDANT'S SUPPLEMENTAL ANSWERS AND RESPONSES TO
PLAINTIFF'S SECOND SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION (8/7/06)**

**Request for Production No. 27:**

Please produce any and all documents received pursuant to subpoena regarding the matter of James Breland v. Fred Meyer, Inc., ASCHR No. C-05-029.

**Supplemental Response:**

As requested by plaintiff's counsel following Ms. Holen's review of documents, see document nos. 300017 - 300131 produced herewith.

DEFENDANT'S SUPPLEMENTAL ANSWERS AND RESPONSES
TO PLAINTIFF'S SECOND SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION (8/7/06)
Breland v. Fred Meyer Stores, Inc.
Case No. A05-169 CI (TMB)
Page 1 of 4

Exhibit 4 Page 1 of 4

**Request for Production No. 38:**

Please produce the Fred Meyer Loss Prevention Manual, including all policy changes, for the year 2000 to the present time. We are specifically requesting all loss prevention policies in effect, along with updates or changes, used in Fred Meyer Anchorage stores from 2000 to the present.

**Supplemental Response:**

As requested by plaintiff's counsel following Ms. Holen's review of documents, see document nos. 201501 - 201790 produced herewith. These documents are to be treated as CONFIDENTIAL and used only by the parties, counsel, and witnesses in this case and all copies are to be returned to Fred Meyer at the conclusion of this action.

**Request for Production No. 39:**

Please produce all non-arrest apprehensions and attempted arrest forms and reports from all Fred Meyer Anchorage stores, for the year 2000 to the present; for each non-arrest apprehension or attempted arrest, include all documents, memos, disciplinary actions, warnings, suspensions or terminations resulting from the non-arrest apprehensions or attempted arrests.

**Supplemental Response:**

Without waiving its previous objection, as requested by plaintiff's counsel Lee Holen following Ms. Holen's review of documents, see document nos. 200872 - 201265 produced herewith. These documents are to be treated as CONFIDENTIAL and reviewed only by counsel, the parties, and on a "need to know" basis by selected witnesses. Upon conclusion of the litigation, Fred Meyer requests that all such CONFIDENTIAL documents, and any copies thereof are to be returned to Fred Meyer.

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANT'S SUPPLEMENTAL ANSWERS AND RESPONSES
TO PLAINTIFF'S SECOND SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION (8/7/06)
Breland v. Fred Meyer Stores, Inc.
Case No. A05-169 CI (TMB)
Page 2 of 4

Exhibit 4 Page 2 of 4



SEADOCS:241148.1

**Request for Production No. 40:**

Please provide Paul Kodiak's personnel file and other documents, whether denominated personnel or not, including any discipline, infraction, or counseling for Loss Prevention policy violations.

**Supplemental Response:**

As requested by plaintiff's counsel following Ms. Holen's review of documents, see document nos. 200858 - 200871 produced herewith. See also document nos. 200649 - 200684 previously produced. These documents are CONFIDENTIAL and are to be treated as described in response to RFP No. 39 above.

**Request for Production No. 41:**

Please provide Jimmie Brown's personnel file and other documents, whether denominated personnel or not, including any discipline, infraction, or counseling for Loss Prevention policy violations. Specifically include the non-arrest apprehension report and related documents in either October or November 2004, along with an attempted arrest report and related documents in February or March 2005.

**Supplemental Response:**

As requested by plaintiff's counsel Lee Holen following Ms. Holen's review of documents, see document nos. 201362 - 201500 produced herewith. See also document nos. 200685 - 200721 previously produced. These documents are CONFIDENTIAL and are to be treated as described in response to RFP No. 39 above.

**Request for Production No. 42:**

Please provide the surveillance and other videos of the entire day and evening prior to James Breland's termination. Specifically include the video of the non-arrest apprehension

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANT'S SUPPLEMENTAL ANSWERS AND RESPONSES
TO PLAINTIFF'S SECOND SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION (8/7/06)
Breland v. Fred Meyer Stores, Inc.
Case No. A05-169 CI (TMB)
Page 3 of 4

Exhibit 4 Page 3 of 4

SEADOCS:241148.1

for which Breland was terminated and the video of the harassment described in the incident report filed by Breland on that day prior to termination.

**Supplemental Response:**

As requested by plaintiff's counsel following Ms. Holen's review of documents and this videotape, see copy of videotape (labeled as document no. 200637) produced herewith. This video is of the incident resulting in plaintiff's termination. There was no video of any harassment of plaintiff as alleged in his incident report of February 14, 2005.

SUPPLEMENTAL RESPONSES DATED this 7th day of August, 2006.

        MILLER NASH LLP

        By: _/s/ James R. Dickens_
           James R. Dickens
           Admitted *pro hac vice*

        GRUENSTEIN & HICKEY

        By:_____
           Peter Gruenstein
           # 7910079

        Attorneys for Defendant

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

**CERTIFICATE OF SERVICE**

I certify that on August 7, 2006, the foregoing was sent via Express Mail to:

Lee Holen
608 W. 4th Avenue, Suite 21
Anchorage, AK 99501

EL010141904US

_/s/ James R. Dickens_
James R. Dickens

DEFENDANT'S SUPPLEMENTAL ANSWERS AND RESPONSES
TO PLAINTIFF'S SECOND SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION (8/7/06)
Breland v. Fred Meyer Stores, Inc.
Case No. A05-169 CI (TMB)
Page 4 of 4

Exhibit 4 Page 4 of 4

SEADOCS:241148.1