LEE HOLEN LAW OFFICE
608 W. 4th Avenue, Suite 21
Anchorage, Alaska 99501
leeholen@gci.net
(907) 278-0298 ph
(907) 278-0247 fax

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| JAMES BRELAND, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. A05-169 CI (TMB) |
| | ) | |
| vs. | ) | |
| | ) | |
| FRED MEYER STORE, INC., | ) | **REPLY TO DEFENDANT'S** |
| | ) | **OPPOSITION TO PLAINTIFF'S** |
| Defendant. | ) | **MOTION REGARDING** |
| _____ | ) | **ADMISSIBILITY OF EVIDENCE** |

## I. INTRODUCTION

Plaintiff moved for an evidentiary ruling to allow evidence regarding his supervisor's employment with Fred Meyer and his conduct after Plaintiff's termination. Defendant Fred Meyer opposes, and highlights an issue that is before the court on summary judgment, as well, *i.e.*, Defendant's use of the *Faragher/Ellerth* defense. Fred Meyer seeks to shield itself from Breland's hostile environment claim by using this legal defense, yet it does not appear to understand the employer's burden pursuant to the defense.

A requirement of *Faragher/Ellerth* is that the employer must prevent future harassment. Thus, the Defendant cannot escape liability by saying, "We corrected the matter with Breland," while it allowed the harassment to continue against other employees. The evidence Plaintiff seeks to introduce is evidence that the "remedy" Fred Meyer belatedly took did not correct Stewart's racist behavior generally.

## II. FACTS

Defendant contends in its Opposition that it conducted investigations into Breland's complaints, and then took remedial steps. (Defendant's Opposition at 2-3.) These facts are vigorously disputed, as noted in Plaintiff's Opposition to Defendant's Motion for Summary Judgment, incorporated herein, Docket No. 44. It is not necessary to set out all the disputes, as Plaintiff did so in his summary judgment briefing. Perhaps most telling, Kevin Ruoff admitted to Breland he had "dropped the ball" on the investigation, and there was no documentation of the incident; he had assumed Stewart would be disciplined, but it did not happen.[1] Further, Breland did make it clear there was ongoing conduct by Stewart in his October 30 complaint, and in a subsequent telephone call and meeting with Ruoff. Still, Ruoff failed to interview the employees Breland had told him were aware of Stewart's illegal conduct, and he claims to have concluded there was no more harassment.[2]

Finally, on December 2, 2004, Stewart was given a last chance final warning letter and required to attend the diversity training. He was not terminated until March of 2006, approximately two years after Plaintiff's termination, based upon his supervisor's conclusion that Stewart had made an inappropriate racial remark in the workplace.[3] (Defendant's Opposition Br. at 3.)

---

[1] The facts set out herein are supported by the evidence underlying Plaintiff's Opposition to Defendant's Motion for Summary Judgment, Docket No. 44.

[2] A draft disciplinary letter to Stewart in November makes this assertion questionable as it appears to establish that Ruoff <u>did</u> have evidence of racist conduct by Stewart.

[3] Defendant claims there were only two allegations that Stewart made racial comments and he was fired for the second one. But it could be inferred that Ruoff did not try to speak to people who would confirm the allegations against Stewart to avoid having to terminate him.

Plaintiff's Reply to Defendant's Opposition to
Plaintiff's Motion Regarding Admissibility of Evidence
Case No. A05-169 CI (TMB)
Page 2 of 5

**Lee Holen Law Office**
608 West Fourth Avenue, Suite 21
Anchorage, Alaska 99501
Tel. (907) 278-0298 - Fax (907) 278-0247
E-Mail: leeholen@gci.net

### III.  LEGAL

A.  <u>The Evidence Proffered Goes to the Effectiveness of the *Faragher/Ellerth* Remedy</u>

Plaintiff alleges Fred Meyer's remedial actions were insufficient to stop the harassment and hostile environment caused by Stewart's racial slurs.  Its failure to fully investigate Breland's complaint, to follow up with employees who had knowledge of the conduct, to provide an effective remedy, or to discipline Stewart, is fatal to Fred Meyer's use of the *Faragher/Ellerth* defense to achieve summary judgment.  Evidence of how long Stewart was allowed to remain in the workplace after Breland complained also should be admissible to show the ineffectiveness of Defendant's *Faragher/Ellerth* defense.

Fred Meyer relies on two grounds to support its contention that evidence regarding Stewart's employment after Breland was fired is irrelevant.  They contend Stewart's termination is unrelated to the reason for Breland's termination, and that remedial actions taken after Breland's termination are irrelevant in assessing the effectiveness of the remedial actions taken as to Breland himself.  The first ground is not at issue.  Plaintiff's termination was related to his complaints about Stewart and Fred Meyer's retaliation therefore.  But Stewart's continued employment <u>after</u> Breland's termination is relevant to the *Faragher/Ellerth* defense as to the effectiveness of the Defendant's remedy.

Defendant contends that post-Breland termination evidence regarding Stewart has no bearing on whether Fred Meyer's response to Breland's complaint was effective <u>as to Breland</u>, seeming to assert that because Stewart eventually worked somewhere else, Breland has no cause for complaint and the company fulfilled its *Faragher/Ellerth* duty.  But the thrust of *Faragher/Ellerth* is that the company must promptly correct and prevent harassment, <u>even into the future</u>.

**Lee Holen Law Office**
**608 West Fourth Avenue, Suite 21**
**Anchorage, Alaska 99501**
**Tel. (907) 278-0298 - Fax (907) 278-0247**
**E-Mail: leeholen@gci.net**

Plaintiff's Reply to Defendant's Opposition to
Plaintiff's Motion Regarding Admissibility of Evidence
Case No. A05-169 CI (TMB)
Page 3 of 5

Clearly, one of the necessary elements of the *Faragher/Ellerth* defense is that the employer must exercise reasonable care to prevent and correct promptly any harassing behavior.[4] Further, as Plaintiff pointed out in his Opposition to Summary Judgment, the Ninth Circuit has made it clear that in order to be adequate, remedial actions must be designed to prevent future conduct by the harasser.[5] The employer is charged with ending the harassment, <u>not just as to the complaint</u>, but for the future.

It is not enough, as Defendant appears to claim, that <u>Breland</u> was removed from Stewart's supervision and then fired less than four months later. The *Faragher/Ellerth* defense requires that the conduct be corrected as to <u>future harassment</u> by the harasser and others. Evidence regarding Stewart's employment and conduct after Breland's termination are relevant to the issue of the adequacy of Defendant's remedial actions to prevent future harassment, and go to the heart of Defendant's *Faragher/Ellerth* defense.

B.   <u>Fed. R. Evid. 407 Allows Admission of the Stewart Evidence</u>

Fed. R. Evid. 407 specifically allows the introduction of subsequent remedial measures to establish the feasibility of precautionary measures taken by the Defendant, because:

> … This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as providing ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

**Lee Holen Law Office**
608 West Fourth Avenue, Suite 21
Anchorage, Alaska 99501
Tel. (907) 278-0298 - Fax (907) 278-0247
E-Mail: leeholen@gci.net

---

[4] *Swinton v. Potomac Corp.*, 270 F.3d 794, 802 (9th Cir. 2001), *citing Faragher v. City of Boca Raton*, 524 U.S. 775, 806 (1998) and *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998).

[5] *McGinest v. GTE Service Corp.*, 360 F.3d 1103, 1112 (9th Cir. 2004); discussed in Plaintiff's summary judgment opposition.

Plaintiff's Reply to Defendant's Opposition to
Plaintiff's Motion Regarding Admissibility of Evidence
Case No. A05-169 CI (TMB)
Page 4 of 5

Thus, where an employer asserts a defense such as *Faragher/Ellerth*, this evidence should be admissible for the purpose of assessing the precautionary measure (remedial actions) taken by defendant. Under these circumstances, post-complaint evidence to illustrate the employer's remedial actions were inadequate and insufficient to remedy the ongoing harassment and hostile environment should be admitted.

The cases cited by the Defendant are easily distinguishable: *Hull v. Chevron U.S.A., Inc.*, 812 F.2d 584 (10th Cir. 1987) (personal injury action) and *Maddox v. City of Los Angeles*, 792 F.2d 1408 (9th Cir. 1986) (police brutality case). In both cases, the remedial measures were correctly excluded because the evidence was offered to show fault. But such evidence <u>can</u> be introduced for other purposes, as Plaintiff seeks to do here, to challenge Defendant's *Faragher/Ellerth* defense.

For these reasons, evidence regarding Stewart's conduct and termination subsequent to Breland's wrongful discharge are relevant to rebut the Defendant's assertion of its having fulfilled the *Faragher/Ellerth* defense. In the alternative, the *Faragher/Ellerth* defense should be excluded.

DATED this 27th day of September, 2006.

        LEE HOLEN LAW OFFICE
        Attorney for Plaintiff

By: s/Lee Holen
    608 W. 4th Avenue, Suite 21
    Anchorage, Alaska 99501
    Phone: (907) 278-0298
    Fax: (907) 278-0247
    E-mail: leeholen@gci.net
    Alaska Bar No. 7810071

**Lee Holen Law Office**
608 West Fourth Avenue, Suite 21
Anchorage, Alaska 99501
Tel. (907) 278-0298 - Fax (907) 278-0247
E-Mail: leeholen@gci.net

<u>Certificate of Service</u>
I hereby certify that on the 27th day of September, 2006, a copy
of the foregoing Reply to Defendant's Opposition to Plaintiff's
Motion Regarding Admissibility of Evidence was served electronically
on James R. Dickens and Peter E. Gruenstein.
s/Lee Holen
Lee Holen Law Office

Plaintiff's Reply to Defendant's Opposition to
Plaintiff's Motion Regarding Admissibility of Evidence
Case No. A05-169 CI (TMB)
Page 5 of 5