LEE HOLEN LAW OFFICE
608 W. 4th Avenue, Suite 21
Anchorage, Alaska 99501
leeholen@gci.net
(907) 278-0298 ph
(907) 278-0247 fax

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JAMES BRELAND, ) | |
| ) | |
| Plaintiff, ) | Case No. A05-169 CI (TMB) |
| ) | |
| vs. ) | |
| ) | |
| FRED MEYER STORE, INC., ) | **PLAINTIFF'S OBJECTION TO** |
| ) | **DEFENDANT'S APPLICATION** |
| Defendant. ) | **TO TAX COSTS** |
| _____ ) | |

Plaintiff asserts a general objection to Defendant's Application for costs, noted below. Breland respectfully requests that the Clerk of Court perform a standard review of Defendant's itemized cost bill, but has no specific objection to the items and amounts claimed, apart from the broader objection set out herein.

Plaintiff James Breland objects to Fred Meyer's application for costs and requests the Court to exercise its discretion pursuant to 28 U.S.C. § 1920 to disallow any taxation of costs in this case. In the Ninth Circuit, it is discretionary with the court to refuse to award costs to a prevailing party due to the losing party's financial resources.[1]

---

[1]  Ass'n of Mexican-American Educators v. California, 231 F.3d 572 (9th Cir. 2000).

**Lee Holen Law Office**
608 West Fourth Avenue, Suite 21
Anchorage, Alaska 99501
Tel. (907) 278-0298 - Fax (907) 278-0247
E-Mail: leeholen@gci.net

> Further, in *Stanley v. University of Southern California, 178 F.3d 1069, 1079-80* (9th Circ.), *cert. denied, 528 U.S. 1022, 145 L. Ed. 2d 413, 120 S. Ct. 533 (1999)*, we held that the district court abused its discretion in denying a losing civil rights plaintiff's motion to re-tax costs without considering (1) the plaintiff's limited financial resources; and (2) "the chilling effect of imposing such high costs on future civil rights litigants."

Plaintiff Breland requests that this Court consider whether to tax costs against Plaintiff in this matter. Breland brought what he believes is a legitimate race discrimination case, complaining about racist behavior which did not end with him but was allowed by Fred Meyer to continue for a lengthy period of time in a different Fred Meyer location. The case involves admitted racial disparagement within a large employer by a manager, about which management was aware, conduct that arguably continued over a several year period. Plaintiff's complaints had merit, as evidenced by Plaintiff's supervisor's eventual termination.

In addition, as shown in his affidavit filed in support of this Objection, Plaintiff has limited financial resources and there is great economic disparity between Plaintiff and Defendant. (See Affidavit of James Breland, filed herewith.) Unless the court denies Fred Meyer costs, there could be a chilling effect on future civil rights litigants. In such a case, given the disparity in wealth, Defendant's tax bill application should be denied.

**Lee Holen Law Office**
608 West Fourth Avenue, Suite 21
Anchorage, Alaska 99501
Tel. (907) 278-0298 - Fax (907) 278-0247
E-Mail: leeholen@gci.net

DATED this 4th day of April, 2007.

          LEE HOLEN LAW OFFICE
          Attorney for Plaintiff

By: s/Lee Holen
     608 W. 4th Avenue, Suite 21
     Anchorage, Alaska 99501
     Phone: (907) 278-0298
     Fax: (907) 278-0247
     E-mail: leeholen@gci.net
     Alaska Bar No. 7810071

Certificate of Service

I hereby certify that on the 4th day of April, 2007,
a copy of the foregoing Objection to Defendant's
Application to Tax Costs was served electronically on
James R. Dickens and Peter E. Gruenstein.

s/Lee Holen
Lee Holen Law Office

**Lee Holen Law Office**
608 West Fourth Avenue, Suite 21
Anchorage, Alaska 99501
Tel. (907) 278-0298 - Fax (907) 278-0247
E-Mail: leeholen@gci.net

Objection to Defendant's Application to Tax Costs
Breland v. Fred Meyer
Case No. A05-169 CI (TMB)
Page 3 of 3