James R. Dickens
MILLER NASH LLP
4400 Two Union Square
601 Union Street
Seattle, WA  98101-2352
Telephone:  (206) 622-8484
Fax:  (206) 622-7485
jim.dickens@millernash.com

Peter Gruenstein
GRUENSTEIN & HICKEY
Resolution Plaza
1029 W. 3rd Avenue, Suite 510
Anchorage, AK  99501
Telephone:  (907) 258-4338
Fax:  (907) 258-4350
ghlaw3@gci.net

    Attorneys for Defendant

Hon. Timothy M. Burgess

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JAMES BRELAND,<br><br>    Plaintiff,<br><br>v.<br><br>FRED MEYER STORES, INC.,<br><br>    Defendant. | Case No. A05-169 CI (TMB) |

## DEFENDANT'S REPLY RE OBJECTION TO COST APPLICATION

      Plaintiff objects to defendant's application for costs because of his limited financial resources.  Plaintiff does not object to the items and amounts claimed per se.

      Fed. R. Civ. P. 54(d)(1) permits an award of "costs other than attorney fees" "as of course to the prevailing party unless the court otherwise directs."  A prevailing party in a civil rights action, even the prevailing defendant, is in the same position at any other prevailing party and is entitled to an award of costs.

DEFENDANT'S REPLY RE OBJECTION TO COSTS APPLICATION
Breland v. Fred Meyer Stores, Inc.
Case No. A05-169 CI (TMB)
Page 1 of 3

SEADOCS:272302.1

Plaintiff cites <u>Ass'n of Mexican-American Educators v. California</u>, 231 F.3d 572 (9th Cir. 2000). That was an unusual case decided en banc, with eight separate judges writing concurring/dissenting, or dissenting, opinions. The plurality opinion did note:

> Federal Rule of Civil Procedure 54(d)(1) establishes that costs are to be awarded as a matter of course in the ordinary case.

The Court of Appeals then discussed when a case was not "ordinary" such that it might not be inappropriate to award costs. None of the factors listed apply in the present case, which factors were as follows:

> Misconduct
>
> Extraordinarily important case
>
> Close and complex issues
>
> Issues with merit
>
> Extraordinarily high costs

Our <u>Breland v. Fred Meyer</u> case was a claim of race discrimination which, on summary judgment, this Court found had no merit. It is a "ordinary" case and the plaintiff should not be able to come into court, cause the defendant employer to incur substantial attorney fees and costs, and disruption of business, and then object to a limited request for an award of costs.

A district court does <u>not</u> have to specify reasons for an award of costs to the prevailing party. This is because of the presumption that costs are taxed to the losing party. <u>Save Our Valley v. Sound Transit</u>, 335 F.3d 932, 945 (9th Cir. 2003). In <u>Save Our Valley</u> the Court of Appeals affirmed the award of a "relatively small sum - $5,310.55 – " to the defendant, and said this would not "chill" future civil rights litigation. 335 F.3d at 946.

In our present case, the limited award of costs sought by defendant ($2,189.60) will not "chill" any future litigation. Mr. Breland brought the claim, the claim

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANT'S REPLY RE OBJECTION TO COSTS APPLICATION
Breland v. Fred Meyer Stores, Inc.
Case No. A05-169 CI (TMB)
Page 2 of 3

SEADOCS:272302.1

was found to have no merit by the court, and the costs sought by defendant should be awarded.

DATED this 4th day of April, 2007.

MILLER NASH LLP

*s/ James R. Dickens*
Miller Nash LLP
4400 Two Union Square
601 Union Street
Seattle, WA  98101-2352
Phone:  (206) 622-8484
Fax:  (206) 622-7485
E-mail:  jim.dickens@millernash.com
ABA No. 0610063

GRUENSTEIN & HICKEY

*s/ Peter Gruenstein*
Gruenstein & Hickey
Resolution Plaza
1029 W. 3rd Avenue, Suite 510
Anchorage, AK  99501
Phone:  (907) 258-4338
Fax:  (907) 258-4350
E-mail:  ghlaw@gci.net
ABA No. 7910079

Attorneys for Defendant

Certificate of Service

I hereby certify that on April 4, 2007,
a copy of the foregoing document was served
electronically on:

Lee Holen

*s/ James R. Dickens*

DEFENDANT'S REPLY RE OBJECTION TO COSTS APPLICATION
Breland v. Fred Meyer Stores, Inc.
Case No. A05-169 CI (TMB)
Page 3 of 3

SEADOCS:272302.1