IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JAMES BRELAND,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>FRED MEYER STORE, INC.,<br><br>　　　　　　　Defendant. | Case No. 3:05-cv-000169　TMB<br><br>O R D E R |

## I.  MOTION PRESENTED

Plaintiff James Breland ("Breland") requests that the Court review the Clerk's taxation of costs entered on April 5, 2007.  Plaintiff's motion is denied for the reasons outlined below.

## II. BACKGROUND

Breland brought this action against his former employer, Fred Meyer, on the grounds that Fred Meyer did not timely or properly respond to his complaints about inappropriate race-related remarks made by a supervisor and that he was subsequently fired in retaliation for complaining about that supervisor.  Breland's complaint raised four claims: (1) hostile work environment (Title VII of the Civil Rights Act of 1964); (2) retaliatory firing (Title VII); (3) discrimination in the form of disparate treatment on the basis of race in violation of 42 U.S.C. § 1981; and (4) wrongful termination in violation of public policy under Alaska state law.  On Fred Meyer's motion for summary judgment, the Court found that the basic facts underlying the lawsuit were undisputed, and that Breland's claims failed as a matter of law.  The Court therefore entered summary judgment on behalf of the Defendant.  Pursuant to Local Rule 54.1, Fred Meyer subsequently served a cost bill outlining $2,189.60 in costs that it sought to recoup from Breland.[1]  Breland asserted a general objection based primarily on his lack of financial resources, but did not object to the specific items and amounts claimed by Fred Meyer.  After a taxation

---

[1]　　The costs enumerated in Fred Meyer's costs bill consist almost entirely of expenses associated with depositions used to support its motion for summary judgment.

hearing, the Clerk entered costs taxed in favor of the Defendant in the amount of $2,189.60. Breland now asks that the Court review the costs taxed against him.

### III.  DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  "Thus, Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded."[2]  Breland argues that, although his claims were dismissed on summary judgment, he should not have to pay costs because his claims were reasonable and because of his limited financial resources.  The Court will consider both of these factors.

The Ninth Circuit has weighed a number of considerations in determining whether a losing party should pay the prevailing party's costs, including: the losing party's limited financial resources, misconduct on the part of the prevailing party; the importance and complexity of the issues; the merit of the plaintiff's case, even if the plaintiff loses; and the chilling effect on future civil rights litigants of imposing high costs.[3]  The Court finds that, aside from the financial resources issues discussed below, none of these factors weigh significantly in favor of the Plaintiff in this case.  While the Court does weigh the factual reasonableness of Breland's discrimination claims in his favor, the underlying facts fail to persuade the Court that Breland should not bear the prevailing party's costs.[4]

It is well established in the Ninth Circuit that "[d]istrict courts should consider the financial resources of the plaintiff and the amount of costs in civil rights cases."[5]  In *Stanley v.*

---

[2]  *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999) (citing *National Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471-72 (9th Cir.1995)).

[3]  *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

[4]  It is worth nothing that "a district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Id.*

[5]  *Stanley*, 178 F.3d at 1079 (citing *Wrighten v. Metropolitan Hosps., Inc.*, 726 F.2d 1346, 1358 (9th Cir.1984); *Moore v. Hughes Helicopters, Inc.*, 708 F.2d 475, 486 (9th Cir.1983)).

*University of Southern California*, the Ninth Circuit expressed concern that "the imposition of such high costs on losing civil rights plaintiffs of modest means may chill civil rights litigation in this area." However, the financial concerns here do not appear to approach those described in *Stanley*, and Breland has not pointed to any precedent for refusing to tax costs in cases more similar to his own.

In *Stanley*, the Ninth Circuit found that the district court had abused its discretion when it taxed costs after failing to consider the plaintiff's indigence and the chilling effect of imposing such high costs on future civil rights litigants. In that case, the plaintiff was unemployed and faced costs of $46,710.97. In the instant case, although Plaintiff has to support his children, and works two jobs to do it, he earns over $50,000 per year, and is facing costs of $2,189.60. Thus, while paying costs undoubtedly presents some hardship for the Plaintiff, the Court sees no evidence that indigency is a factor. Moreover, given the relatively low costs involved, the Court cannot say that requiring payment would chill future civil rights litigation. The Court notes that there is no requirement that Plaintiff must be indigent to avoid paying costs, and the Court weighs Plaintiff's comparatively limited financial resources against awarding costs. Nevertheless, the Court concludes that Breland has not overcome the presumption that costs should be paid to the prevailing party, and therefore, the Court finds that costs should be taxed against the Plaintiff in the amount of $2,189.60.

**IT IS THEREFORE ORDERED:**

The Motion for Review of Costs at Docket No. 67 is DENIED.

Dated at Anchorage, Alaska, this 24th day of September, 2007.

/s/ Timothy Burgess
TIMOTHY M. BURGESS
U.S. DISTRICT JUDGE